IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL A. EALEY,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | **8:22CV69**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court for case management. Plaintiff, a federal prisoner currently housed in a federal halfway house (residential re-entry center) in Omaha, Nebraska, filed his Complaint (filing 1) and a Motion to Proceed in Forma Pauperis ("IFP") (filing 2) on February 22, 2022. On February 23, 2022 and June 1, 2022, the court sent requests to the federal halfway house where Plaintiff is housed asking the institution to provide a certified statement of Plaintiff's trust account information. (Filings 5 & 6.) To date, the court has received no response from the federal halfway house.

  Prisoner plaintiffs are required to pay the full amount of the court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)*; Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. However, the court is unable to calculate Plaintiff's initial partial filing fee because the court has not received a certified copy of Plaintiff's trust account information.

As set forth in 28 U.S.C. § 1915(a)(1), Plaintiff is required to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." Plaintiff's IFP motion (filing 2) does not contain an affidavit with the required statement. Moreover, because he is a prisoner, Plaintiff must,

> in addition to filing the affidavit filed under paragraph (1), . . . submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(1), (2). This matter cannot proceed unless Plaintiff provides the court with the required affidavit and trust account information in order to calculate his initial partial filing fee.[1]

Accordingly, the court will give Plaintiff 30 days from the date of this Memorandum and Order to submit a request to proceed in forma pauperis that complies with 28 U.S.C. § 1915 and to provide a copy of his certified trust account statement.[2] Failure to comply with this Memorandum and Order within 30 days will result in the court dismissing this case without further notice to Plaintiff.

---

[1] Plaintiff is advised that, in addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2).

[2] Plaintiff also always has the option of paying the court's $402.00 filing and administrative fees to the clerk's office. If Plaintiff is granted leave to proceed IFP in this matter, he will only be responsible for paying the court's $350 filing fee and would not be subject to the $52.00 administrative fee assessed to non-IFP plaintiffs. *See* 28 U.S.C. § 1915(b)(1).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Proceed in Forma Pauperis (filing 2) is denied without prejudice to reassertion in a motion to proceed in forma pauperis that complies with 28 U.S.C. § 1915.

2. Plaintiff is directed to submit a request to proceed in forma pauperis and a certified trust account statement within 30 days. Failure to do so will result in dismissal of this matter without further notice.

3. The clerk of the court is directed to send to Plaintiff the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

4. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: **July 27, 2022**: Check for MIFP and trust account statement.

Dated this 27th day of June, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge