IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICHAEL A. EALEY,

                    Plaintiff,                                    **8:22CV69**

        vs.

UNITED STATES OF AMERICA,                         **MEMORANDUM AND ORDER**

                    Defendant.

This matter is before the court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP"). (Filing 8.) Plaintiff is a federal prisoner a federal prisoner currently housed in a federal halfway house (residential re-entry center) in Omaha, Nebraska and represents to the court that he does not have a trust fund account at the halfway house. (*Id.* at CM/ECF p. 11.) Plaintiff has provided pay stubs from his current employment for the previous two months and his average checking account balance. (*See* Filing 8.) Upon consideration, Plaintiff is permitted to proceed IFP.

Prisoner plaintiffs are required to pay the full amount of the court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act ("PLRA") "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)*; Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001). Because Plaintiff is prisoner for purposes of the PLRA, even though he is housed at a federal halfway house, he is still required to pay the court's filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the

filing of the Complaint. Here, the court finds the initial partial filing fee is $45, based on an average monthly account balance of $225. Plaintiff must pay this initial partial filing fee within 30 days, or his case will be subject to dismissal. Plaintiff may request an extension of time if one is needed.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the court.

Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d at 529–30; *Jackson*, 173 F. Supp. 2d at 951. Because Plaintiff states that he is set to be released from custody on July 30, 2022, (filing 8 at CM/ECF p. 2), the court further advises Plaintiff that if he is released and is no longer incarcerated, he must file a new application for leave to proceed in forma pauperis after his release if he wishes to continue pursuing this case in forma pauperis. If Plaintiff is granted leave to proceed IFP after his release, he would not be required to make any further payments towards the filing fee.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Motion for Leave to Proceed IFP (filing 8) is granted.

2.      Plaintiff must pay an initial partial filing fee of $45 within 30 days, unless the court extends the time in which he has to pay in response to a written motion.

3.      After payment of the initial partial filing fee, Plaintiff's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the court.

4.      The clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

5.      The clerk's office is directed to set a pro se case management deadline in this case using the following text: **August 12, 2022**: initial partial filing fee payment due.

6.      Plaintiff is advised that, following payment of the initial partial filing fee, the next step in Plaintiff's case will be for the court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The court will conduct this initial review in its normal course of business.

7.      Plaintiff is further advised that he must keep the court informed of his current address at all times. Failure to do so may result in dismissal of this matter.

Dated this 13th day of July, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge