IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL A. EALEY, | |
| Plaintiff, | **8:22CV69** |
| vs. | |
| UNITED STATES OF AMERICA, | **MEMORANDUM AND ORDER** |
| Defendant. | |

Plaintiff, a non-prisoner[1], has been given leave to proceed in forma pauperis. (Filing 15.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff attempts to sue the United States under the Federal Tort Claims Act ("FTCA") because the Bureau of Prisons ("BOP") negligently waited to award him 365 days of "earned-time credits" under the First Step Act until January 15, 2022, instead of awarding him credit when he earned it.[2] Plaintiff claims that if the BOP

---

[1] Plaintiff filed his Complaint on February 22, 2022, while he was incarcerated at the Federal Correctional Institution in Forrest City, Arkansas. After some delay in receiving Plaintiff's trust account statement or institutional equivalent, the court granted him leave to proceed in forma pauperis on July 13, 2022 (Filing 9), also while he was incarcerated. Plaintiff filed a change of address on August 15, 2022 (Filing 12), indicating that he was no longer incarcerated. Plaintiff filed a new Motion for Leave to Proceed In Forma Pauperis (Filing 14), which the court granted on September 12, 2022, allowing the Complaint to "be filed without payment of fees" (Filing 15). The court, however, did receive a partial filing-fee payment from Plaintiff on September 30, 2022. (*See* Docket Sheet.)

had awarded him credit when he actually earned it, he would "have [been] . . . release[d] from prison sooner"—that is, on July 30, 2021, instead of February 8, 2022.[3] (Filing 1 at CM/ECF p. 4.) Plaintiff complains that the First Step Act requires the BOP to "gradually implement the risk[-]recidivism program" rather than waiting to confer program benefits until January 15, 2022. (Filing 1 at CM/ECF p. 7.)

Plaintiff, who is 65 years old, claims the delay in his release put him at risk of contracting COVID, prevented him from getting knee surgery in a timely fashion, and postponed his ability to be at his terminally ill brother's side. Plaintiff requests $360,000 in damages.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when

---

[2] Plaintiff claims he completed a 4,000-hour apprenticeship and recidivism-reduction classes, was employed by Unicor Federal Prison Industries, and had no misconduct reports in 14 years of imprisonment. (Filing 1 at CM/ECF p. 4.)

[3] Plaintiff alleges that he was informed on January 16, 2022, that he had earned 365 days of credit and was entitled to immediate release, which occurred on February 8, 2022, to a federal halfway house in Omaha, Nebraska. After spending 5½ months at the halfway house, Plaintiff began a period of supervised release.

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citations omitted). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff seeks money damages under the Federal Tort Claims Act for the BOP's alleged negligence in not releasing him from the Federal Correctional Institution ("FCI") in Forrest City, Arkansas, immediately upon earning time credits under the First Step Act instead of waiting until January 15, 2022, to award Plaintiff those credits and announce that he was entitled to immediate release. The court has been unable to locate any published case law permitting the use of the FTCA to make such a claim. However, for purposes of initial review, the court will assume the FTCA can be the basis for such a claim.

The federal government and its agencies are shielded from suit by sovereign immunity. However, Congress may waive that immunity by prescribing the terms and conditions under which the United States consents to be sued and the manner in which the suit must be conducted. *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (citations omitted). The Federal Tort Claims Act is a limited waiver of the United States' sovereign immunity which allows recovery of damages in federal district court for "injury or loss of property, or personal injury or death caused by the *negligent* or wrongful act or omission" of federal employees "under circumstances where the United States, if a private person, would be liable to the

3

claimant in accordance with the law of the *place where the act or omission occurred*." 28 U.S.C. § 1346(b)(1) (emphasis added).

Plaintiff alleges that he was in the FCI in Forrest City, Arkansas, when the BOP delayed its decision to release him pursuant to the First Step Act. In Arkansas, "[t]o demonstrate negligence, the plaintiff must show that the defendant breached a legal duty to the plaintiff, and that the breach proximately cause[d] the plaintiff harm." *Edwards v. Skylift, Inc.*, 39 F.4th 1025, 1029-30 (8th Cir. 2022). The main issue, then, is whether the BOP had a legal duty under the First Step Act to release Plaintiff from confinement immediately after he earned his time credits.

The First Step Act in 18 U.S.C. § 3621(h)(4) provides that during the two-year phase-in period, the BOP "may offer to prisoners who successfully participate in [evidence-based recidivism reduction] programs and [productive] activities[4] the incentives and rewards described in [18 U.S.C. § 3632(d)]." Those incentives include earned-time credits. 18 U.S.C. § 3632(d)(4). Courts in the Eighth Circuit have uniformly concluded that the BOP *may—but is not required to—*apply earned-time credits until January 15, 2022, which is the final date the BOP was required to complete the phase-in. *Gauthier v. Fed. Bureau of Prisons*, No. CV 21-2672, 2022 WL 598212, at *1 (D. Minn. Jan. 26, 2022), *report and recommendation adopted*, No. CV 21-2672, 2022 WL 597514 (D. Minn. Feb. 28, 2022) (agreeing with "other courts around the country" that First Step Act "gave the BOP until January 15, 2022 to fully implement the First Step Act"; "when Congress said the BOP 'may' grant time credits earlier than January 15, 2022, rather than saying that the BOP 'shall' grant time credits earlier, that word choice gave the BOP the discretion to grant no time credits, to anyone, before January 15, 2022"); *Holt v. Warden*, 539 F. Supp. 3d 1005, 1012 (D.S.D. 2021) (agreeing with "majority position" that BOP had no obligation to implement incentives component of First Step Act's risk and needs assessment system prior to statutory deadline of January 15, 2022, and thus federal

---

[4] "Evidence-based recidivism reduction programs" and "productive activities" are defined at 18 U.S.C. § 3635.

4

inmate lacked standing to compel BOP to calculate and apply earned-time credits toward prerelease custody or supervised release before deadline); *Rand v. Fikes*, No. CR 21-1276, 2021 WL 5567900, at *3 (D. Minn. Nov. 29, 2021) (federal prisoner's 28 U.S.C. § 2241 petition was premature because BOP had discretion under First Step Act to not award earned-time credits until the mandatory deadline of January 15, 2022; "Had Congress wanted to require the BOP to apply incentives at an earlier date than January 15, 2022, it would have said so.").

Therefore, the BOP had no legal duty to release Plaintiff any earlier than January 15, 2022, so Plaintiff cannot establish a FTCA negligence claim against the United States based on the BOP using its discretion under the First Step Act to not award earned-time credits to Plaintiff until the January 15, 2022, mandatory deadline. Accordingly, Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

IT IS ORDERED:

1. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2. Judgment shall be entered by separate document.

DATED this 30th day of September, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

5